**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William Joseph SOLOMON, Defendant-Appellant.**

**No. 75–1605.**

United States Court of Appeals, Ninth Circuit.

Dec. 9, 1975.

Glenn Warren (argued), Federal Public Defenders, San Diego, Cal., for defendant-appellant.

William Derbonne, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

## OPINION

Before WALLACE and SNEED, Circuit Judges, and CRARY,* District Judge.

WALLACE, Circuit Judge:

Solomon appeals his conviction of possession of marijuana with intent to distribute in violation of 21 U.S.C. § 841(a)(1) after a trial to the court on stipulated facts. He asserts that the trial court erred in denying his motion to suppress evidence and statements which were the product of an allegedly illegal stop and search of the car he was driving. We affirm.

On July 19, 1974, Officer Sonka of the California Highway Patrol received a call from an Ocotillo, California, service station owner. He related that a suspicious late-model Mercury had just left his station heading west on Interstate Highway 8. The car was covered with desert dust and had two one-gallon water jugs in the back seat. The lone male driver appeared unfamiliar with the car in that he did not know how to unlatch the hood and was not aware that the car was equipped with a coolant recovery system. The caller thought that the car was either stolen or engaged in smuggling.

Officer Sonka began pursuit of the described car. A radio check revealed that it was registered to Lisa Diane Williams and had not been reported stolen. Sonka stopped the car about 25 miles west of Ocotillo. Solomon got out and walked back to the patrol car. When asked if the car were his, he replied that it was not, that he had picked it up from a friend named "Lucy" (he did not know her last name) and was to deliver it to a supermarket parking lot in San Diego. When asked for the registration Solomon produced it from his pocket. Some time during the stop the officer tried unsuccessfully to contact the registered owner through a San Diego dispatcher. Unsatisfied that the car was not stolen, Sonka entered the car to check the ignition for evidence of hot-wiring. Once inside, he smelled marijuana; a subsequent search of the trunk affirmed the accuracy of his olfactory ability and revealed 244 pounds.

■ Solomon contends that both the initial stop and the subsequent search were illegal. We disagree. Since Sonka is a state officer, the propriety of the stop and search must be tested under both California and federal law. *United States v. Lovenguth*, 514 F.2d 96, 98 (9th Cir. 1975); *United States v. Walling*, 486 F.2d 229, 235 (9th Cir. 1973), *cert. denied*, 415 U.S. 923, 94 S.Ct. 1427, 39 L.Ed.2d 479 (1974).

### I.  *Validity of the Stop*

■ We hold that the initial stop was valid under California and federal law. Both California and federal courts recognize the validity of a brief investigative detention based on less than probable cause. *Terry v. Ohio*, 392 U.S. 1, 24, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); *People v. Mickelson*, 59 Cal.2d 448, 450–51, 30 Cal.Rptr. 18, 20, 380 P.2d 658, 660 (1963).

The California courts require a "rational suspicion" of some unusual activity connected with the person detained and some suggestion that the activity is related to crime. *People v. Henze*, 253 Cal.App.2d 986, 988, 61 Cal.Rptr. 545, 547 (1967); *cf. People v. Flores*, 12 Cal.3d 85, 91, 115 Cal.Rptr. 225, 229, 524 P.2d 353, 357 (1974). The federal standard for testing informal detentions for routine investigation is described in *Wilson v. Porter*, 361 F.2d 412, 415 (9th Cir. 1966), as a "founded suspicion." There must be "some basis from which the court can

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

determine that the detention was not arbitrary or harassing." *Id.* at 415. This finding is indistinguishable from that defined as "reasonable suspicion" in *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *United States v. Rocha-Lopez*, 527 F.2d 476 (9th Cir. 1975).

Here Solomon drove into a gas station just off the freeway between San Diego and El Centro in a small rural desert town. He did not know how to unlatch the hood of the car he was driving so that the attendant could check the water. He was unaware of the coolant recovery system. While this might not be significantly suspicious if it occurred at a corner gas station in a metropolitan neighborhood, we think that considering the totality of the circumstances in this case, the district court did not err in finding that there was a "rational" and "founded" suspicion that the car might be stolen. Thus, Sonka was justified in stopping the car for a brief investigation of the driver's license and the car's registration. *See* Cal.Veh.Code § 2805.

## II. *Validity of the Search*

■ We hold that Officer Sonka's entry into the automobile to look for evidence that the car might be stolen was valid under both California and federal law. In order to justify this search the facts and circumstances within Sonka's knowledge must have been sufficient to lead a man of reasonable caution to believe that the automobile contained evidence that it was stolen, *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 69 L.Ed. 543 (1925), and to lead a man of ordinary caution conscientiously to entertain a strong suspicion of Solomon's guilt, *Perry v. Superior Court*, 57 Cal.2d 276, 283, 19 Cal.Rptr. 1, 5, 368 P.2d 529, 530 (1962).

We think that the facts known to Sonka here were clearly sufficient to justify the search. First, when Solomon was asked for the registration, he produced it from his pocket. Sonka testified that it is "very rare" for the driver to have the registration in his pocket. *See* Cal.Veh. Code § 4454(a) (registration required to be kept "with the vehicle"). As the California Supreme Court has stated, it is not uncommon for a thief to remove the registration from its customary place in a stolen car in order "to prevent the true owner from being traced, to eliminate the discrepancy between the owner's name and his own, or to facilitate substitution of a forged card." *People v. Superior Court*, 7 Cal.3d 186, 193, 101 Cal. Rptr. 837, 842, 496 P.2d 1205, 1210 (1972). Hence it was not unreasonable for Sonka to view Solomon's producing the registration from his pocket suspiciously.

Second, even though Solomon had the registration and admitted that the car was not his, his explanation for his possession of the car was not consistent with the registration or with what Sonka knew of the car's ownership from state records. Solomon said that he got the car from a friend, "Lucy." The car was registered to a "Lisa Diane Williams." It may be conceivable, as the district judge noted, that "Lucy" is a nickname for "Lisa." Nevertheless, we think that Sonka was reasonable in not rejecting this fact as suspicious, especially in light of the additional fact that Solomon did not know the last name of his friend, who had allegedly lent him the vehicle to be taken on an apparently long trip.

Third, Solomon's story that he was to drop the car off at a San Diego supermarket parking lot was in itself suspicious. Finally, Sonka's suspicion that the car might be stolen was corroborated by the service station owner's tip that Solomon was unfamiliar with the car.

In conclusion, we hold that Sonka had probable cause to enter the car for the limited purpose of seeking additional evidence that the car was stolen. *See People v. Upton*, 257 Cal.App.2d 677, 65 Cal. Rptr. 103 (1968); *People v. Nebbitt*, 183 Cal.App.2d 452, 7 Cal.Rptr. 8 (1960).

Once Sonka entered the car, he smelled marijuana. This gave him probable cause to search the inside of the car and, after finding no marijuana there, the trunk. *United States v. Lovenguth*,

*supra*, 514 F.2d at 99; *United States v. Barron*, 472 F.2d 1215, 1216 (9th Cir.), *cert. denied*, 413 U.S. 920, 93 S.Ct. 3063, 37 L.Ed.2d 1041 (1973).

Since the initial stop and the search were valid under both California and federal law, the trial court did not err in denying Solomon's motion to suppress evidence and statements.

Affirmed.