Robert Maurice GORDON *v.* STATE of Arkansas

CR 75-138                          529 S.W. 2d 330

Opinion delivered January 19, 1976

*McArthur, Loftin & Wilson*, for appellant.

*Jim Guy Tucker*, Atty. Gen., by: *Terry Kirkpatrick*, Asst. Atty. Gen., for appellee.

ELSIJANE T. ROY, Justice. On October 19, 1974, Officer John Sparks, a criminal investigator, and another investigator, both with the narcotics section of the Arkansas State Police, and a federal drug enforcement agent were traveling on Interstate Highway 30 west of Hope. They were conducting a general traffic check in this area. At approximately 11:30 p.m. they noticed a white Chevrolet van being driven erratically and the officers stopped it. Appellant then got out and showed Sparks his driver's license. No traffic violation was disclosed but while examining appellant's license Sparks detected a strong odor of marijuana about appellant. During the questioning of appellant another vehicle containing two representatives of the United States Border Patrol and a State policeman joined the group. The law enforcement officials looked inside the van with a flashlight and discovered what appeared to be marijuana seeds. Appellant was then arrested for possession of marijuana and advised of his rights. Sparks entered the van to obtain the seeds, then the van was removed to a service station and a search warrant obtained for further examination of the vehicle. The ensuing search resulted in the discovery of over 800 pounds of marijuana.

Appellant's first assignment of error is that the court improperly refused to grant his motion to suppress illegally seized evidence and the court's failure to prevent the introduction of said evidence at his trial.

Appellant contends that the search which produced the evidence used to convict him was not based on "probable

cause" and thus is violative of Fourth Amendment proscriptions against unreasonable search and seizure. It has been recognized that where officers have reasonable cause to believe that contraband is being unlawfully transported in a vehicle then such vehicle may be the object of a warrantless search. *Carroll* v. *U.S.*, 267 U.S. 132, 45 S. Ct. 280, 69 L. Ed. 543 (1925); *Moore* v. *State*, 244 Ark. 1197, 429 S.W. 2d 122 (1968), cert. denied 393 U.S. 1063, 89 S. Ct. 714, 21 L. Ed. 2d 705 (1969). A determination of the soundness of concluding that probable cause existed to conduct a search is to be made " . . . in the light of the particular situation and with account taken of all the circumstances." *Brinegar* v. *U.S.*, 338 U.S. 160, 69 S. Ct. 1302, 93 L. Ed. 1879 (1949). The facts, or "circumstances", of the instant case support the conclusion that there existed probable cause to conduct the very limited warrantless search of the vehicle that was conducted immediately subsequent to stopping appellant. Arresting Officer Sparks testified that appellant had an odor of marijuana about his person, a fact which apparently alerted him to the possibility that appellant's vehicle may have contained a quantity of the substance. That this odor is sufficient to arouse suspicion and thus provide the underpinning for a showing of probable cause to conduct a search was recognized in *People* v. *Newman*, 14 Cal. App. 3d 246, 92 Cal. Rptr. 205 (1971), vacated for other reasons 95 Cal. Rptr. 12, 484 P. 2d 1356 (1971). See also *Moore*, supra, and *Anderson* v. *State*, 256 Ark. 912, 511 S.W. 2d 151 (1974). While it was recognized in *Newman* that a stop for a traffic violation, without more, did not justify a search of the vehicle, the court stated:

> The odor of burning marijuana recognized by the officers afforded probable cause to believe that the car contained contraband, and that its occupants were the probable offenders. (Citations omitted)

The examination of the interior of the vehicle, conducted at 11:30 p.m., revealed marijuana seeds on the floorboard. The search involved concerned only a visual scrutiny of the van interior, and the marijuana seeds were openly visible. The seeds that were detected came within the "plain view" of the arresting officer and, as was recognized in *Harris* v. *U.S.*, 390 U.S. 234, 88 S. Ct. 992, 19 L. Ed. 2d 1067 (1968), cannot

be considered the product of an illegal search. Moreover, the fact that the seeds were only discernible by use of a flashlight does not invalidate the propriety of the search. In *U.S.* v. *Johnson*, 506 F. 2d 674 (8th Cir. 1974), cert. denied 421 U.S. 917, 95 S. Ct. 1579, 43 L. Ed. 2d 784 (1975), a case also involving the use of a flashlight, the court observed that:

> The fact that the contents of the vehicle may not have been visible without the use of artificial illumination does not preclude such observation from application of the "plain view" doctrine. (Citations omitted)

It follows that the limited search in this instance suffers no constitutional defect nor was the seizure of the seeds an unpermitted outgrowth thereof. Needless to say, the constitutionality of the later search and seizure which netted the 800 odd pounds of marijuana is not open to question since probable cause existed for the initial intrusion and a valid search warrant was procured before further search was made of the van.

Appellant next contends that the testimony of Officer Sparks as to the odor and seeds should have been excluded at trial below since no foundation was laid qualifying Sparks as an expert witness. Officer Sparks disclaimed any expertise except the experience that he had gained as a result of two years with the narcotics section of the Arkansas State Police. Sparks' testimony would be more accurately described as being a non-expert offering opinion evidence. We have approved opinion evidence offered by ordinary witnesses, derived from observation, in those situations where from the nature of the subject matter the facts cannot otherwise be presented to the jury. *Miller* v. *State*, 94 Ark. 538, 128 S.W. 353 (1910). In the instant case only by explaining the circumstances of the search and seizure could the jury be adequately apprised of the basis for probable cause of the search. Descriptions involving odor and appearance are uniquely personal to the observer and explanations based thereupon must rely on the observer's opinion.

Furthermore, questions going to the competence of a witness are largely discretionary with the trial judge and are

not ordinarily reviewable on appeal unless so clearly in error as to constitute an abuse of discretion. *Farmers Equipment Co. v. Miller*, 252 Ark. 1092, 482 S.W. 2d 805 (1972); *Lee v. Crittenden County*, 216 Ark. 480, 226 S.W. 2d 79 (1950). No such error is here evident and the testimony was properly received.

Appellant's final contention is that the court erred in allowing Officer Sparks' testimony concerning other drug related crimes in order to establish a value for the contraband seized in the instant case. The appellant argues that Sparks' testimony impugns appellant's character and is likely to have an inflammatory effect on the jury. We do not find this contention meritorious. The testimony was not offered to reflect on appellant's character but was introduced to qualify Officer Sparks to give an opinion on the large quantity of marijuana seized. In *Williams v. State*, 129 Ga. App. 103, 198 S.E. 2d 683 (1973), an officer with several years experience in narcotics work testified as to the value of drugs seized, and the Georgia court observed:

> * * * While the value of the drugs is not a necessary ingredient which the State must prove, it can be helpful to the jury in the light of other circumstances in the evidence to know whether the quantity of drugs was inconsequential or substantial.

Appellant was not implicated in any of these crimes, hence the jury could not be inflamed.

Finding no reversible error, the case is affirmed.