STATE OF NEBRASKA, APPELLEE, v. THOMAS L. WOOD,
APPELLANT.
238 N. W. 2d 226

Filed January 29, 1976. No. 40203.

Leonard P. Vyhnalek of Beatty, Morgan & Vyhnalek,
for appellant.

Paul L. Douglas, Attorney General, and Ralph H.
Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, McCOWN, NEWTON,
CLINTON, and BRODKEY, JJ.

SPENCER, J.

Defendant, Thomas L. Wood, who waived a jury, was
convicted of possession of marijuana with intent to dis-
tribute or deliver. He was sentenced to a term of not

less than 1 nor more than 2 years in the Nebraska Penal and Correctional Complex. We affirm.

When the defendant's motion at the close of the State's case was overruled, defendant rested. Defendant's only assignments of error herein are the overruling of his motion to suppress evidence and the failure to sustain his objections to that evidence when introduced at the time of the trial. There is no merit to these assignments. State v. Holmberg (1975), 194 Neb. 337, 231 N. W. 2d 672, is controlling herein.

On April 22, 1974, defendant was observed driving a pickup truck on Interstate 80 east of Ogallala. It had a camper mounted on it, and the trooper was unable to see a front license plate because of a spare tire attached to the front grill. It was a Michigan vehicle and he knew Michigan, like Nebraska, requires two plates. The trooper stopped the vehicle to check on whether the vehicle had a front license plate.

The trooper asked the defendant for his driver's license and the vehicle registration. Defendant produced his driver's license and two registrations, one for the pickup and one for the camper. Both the camper and the pickup had different registrations, neither of which was that of the defendant. Suspecting the vehicle may have been stolen, and that defendant might not have its keys, the patrolman asked him if he knew what was in the camper. Defendant said that it contained some beer and volunteered, "Here, I'll show you." Defendant went to the camper entrance at the rear of the truck and both he and the patrolman entered the camper.

The trooper, who had been trained in drug identification, noticed the distinctive odor of marijuana when he entered the camper. He also noted fresh carpenter markings and sawdust along cabinets on the inside of the camper. The built-up compartments normally are not found in a manufactured stock-type camper.

The trooper then asked defendant to accompany him

to the Ogallala police station so the registration of the vehicle could be checked. There defendant was asked to wait in the foyer of the police department. The trooper testified he asked defendant if he could search the vehicle and defendant replied, "Yes." Defendant testified the trooper asked him for the keys to the vehicle and that he complied. A search revealed over 500 pounds of marijuana hidden in specially constructed compartments in the camper.

Defendant does not argue that a search pursuant to consent is unlawful, but argues rather that his consent to search was coerced because he was unaware of his right to refuse consent. A consent to search may be valid even though the subject of the search is unaware that he has a right to refuse consent. The United States Supreme Court exhaustively discussed this issue in Schneckloth v. Bustamonte (1973), 412 U. S. 218, 93 S. Ct. 2041, 36 L. Ed. 2d 854. There, the officer asked one of the occupants of the car, who said the car was his brother's, if he could search it, and was told, "Sure, go ahead." In the instant case, without a request the officer was invited to inspect the camper by the defendant. The Supreme Court held knowledge of the subject's understanding of his right to refuse was only one factor to be taken into account. The Supreme Court went on to say: "One alternative that would go far toward proving that the subject of a search did know he had a right to refuse consent would be to advise him of that right before eliciting his consent. That, however, is a suggestion that has been almost universally repudiated by both federal and state courts, and, we think, rightly so. For it would be thoroughly impractical to impose on the normal consent search the detailed requirements of an effective warning. Consent searches are part of the standard investigatory techniques of law enforcement agencies. They normally occur on the highway, or in a person's home or office, and under informal and unstructured conditions. The

circumstances that prompt the initial request to search may develop quickly or be a logical extension of investigative police questioning. The police may seek to investigate further suspicious circumstances or to follow up leads developed in questioning persons at the scene of a crime. These situations are a far cry from the structured atmosphere of a trial where, assisted by counsel if he chooses, a defendant is informed of his trial rights. Cf. Boykin v. Alabama, 395 U. S. 238, 243. And, while surely a closer question, these situations are still immeasurably far removed from 'custodial interrogation' where, in Miranda v. Arizona, supra, we found that the Constitution required certain now familiar warnings as a prerequisite to police interrogation."

In any event, after being invited to inspect the camper, the officer detected a strong odor of marijuana. He then had a right to make a full-scale search of the camper, either on the highway or at the police station. However, defendant was taken to the station and asked there if the officer could search his vehicle. The testimony on consent is in dispute. The officer testified that defendant replied, "Yes," and gave him the keys. While defendant does not directly deny this testimony, his version is that the officer told him to lock the vehicle and give him the keys. Subsequently, defendant did deny ever giving the officer consent to search. To the extent the testimony was controverted, the court, trying the case without a jury, resolved the conflict in favor of the State. It has the same force and effect as a jury finding. On the record we are bound by that finding.

State v. Franklin (1975), 194 Neb. 630, 234 N. W. 2d 610, dealt with the question of a subsequent search of a vehicle while in police custody, without a warrant. We there said: "Where probable cause exists for the arrest of an accused in his motor vehicle upon a public highway and at that time probable cause for the search of his vehicle exists as well, a search of the vehicle a

short time later at a different location while the vehicle is still in police custody is not unreasonable even though made without a warrant."

In Chambers v. Maroney (1970), 399 U. S. 42, 90 S. Ct. 1975, 26 L. Ed. 2d 419, the Supreme Court held that where probable cause exists for the search of an automobile, that probable cause is not lost by the removal of the automobile to the police station, and a search warrant is not required even though the automobile is in the hands of the police and the danger of its removal or the destruction of the contraband has been eliminated.

The facts in State v. Holmberg (1975), 194 Neb. 337, 231 N. W. 2d 672, were almost identical to the instant case except there the officer did not have as good a reason to stop the defendant as the trooper did in the instant case. In Holmberg we said: "Subsequent to the stop, by the use of his senses, the trooper became aware of the presence of marijuana. At that time, under our law, he had probable cause to search the camper for marijuana without the necessity of relying on consent, although he had consent in this case. In the search he discovered the marijuana and placed the defendant under arrest."

What we have said disposes of this appeal. There is, however, another reason why the appeal must fail. Defendant was convicted on March 25, 1975. Possibly through a misunderstanding on the part of defendant's counsel, the motion for a new trial was not filed until May 16, 1975. Section 29-2103, R. R. S. 1943, provides that the application for a new trial shall: "* * * except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, be filed within ten days after the verdict was rendered unless unavoidably prevented." The motion was not filed within 10 days, and the defendant was not unavoidably prevented from filing one.

As we said in State v. Lacy, (1976), *ante* p. 299, 237

N. W. 2d. 650: "The time requirements of section 29-2103, R. R. S. 1943, are mandatory. A motion for a new trial under that section must be filed within 10 days after the verdict is rendered, not within 10 days from the date of sentencing, unless the verdict and sentencing occur on the same day."

The judgment is affirmed.

AFFIRMED.