STATE OF NEBRASKA, APPELLEE, V. JAMES W. BENSON,
APPELLANT.

251 N. W. 2d 659

Filed March 16, 1977. No. 40764.

Patrick W. Healey of Healey, Healey, Brown & Wieland, for appellant.

Paul L. Douglas, Attorney General, and Jerold V. Fennell, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

PER CURIAM.

Defendant was charged on four felony counts: Possession of marijuana; possession of ampheta-

mines; possession of codeine; and carrying a concealed weapon. A motion to suppress evidence on each count was filed based on a claim of unlawful detention and search and seizure of defendant's motor vehicle. The District Court denied the motion after an evidentiary hearing. The motion to suppress was renewed and overruled at the trial, which was had to the court without a jury. Defendant was found guilty on all four counts and sentenced to probation for a period of 2 years and fined a total of $550 on the four counts.

At approximately 5:30 p.m., on October 16, 1974, Officer Hogue of the Nebraska State Patrol was proceeding south on U. S. Highway No. 77, some 7 or 8 miles south of Wahoo, Nebraska. He heard a radio broadcast from the sheriff's office in Wahoo requesting officers to watch for a white or cream-colored Volkswagen van bearing California license plates and pulling an orange and silver U-Haul trailer. The van was reported possibly southbound on Highway No. 77 or westbound on State Highway No. 92. Officer Hogue proceeded south on Highway No. 77 to Interstate 80 and west on Interstate 80. At about 6 p.m., Officer Hogue saw a white or cream-colored Volkswagen van pulling a U-Haul trailer proceeding westbound on Interstate 80 ahead of him. He called the state patrol and requested that it check with the sheriff's office in Wahoo to determine whether any warrants had been issued for the occupants or any contents and what action was desired. At about 6:05 p.m., he was advised that there were no warrants issued for the subjects or the vehicle but the sheriff's office wanted the vehicle stopped and checked for a possible involvement in the theft of some antique furniture. Officer Hogue then passed the van and noticed that the front of the van had a California license plate but that it had no renewal sticker for 1974. He then called for assistance. Officer Lundy,

a plainclothes investigator with the drug division of the state patrol, was close behind Hogue and responded. When Lundy caught up, the officers stopped the van. Two occupants of the van got out. The officers identified themselves and Hogue proceeded to check the driver's license and vehicle registration and inquire about the absence of a current sticker on the front license plate. Meanwhile, Lundy walked around the van and trailer in order to check the license plates. When he approached the rear of the trailer he smelled a strong odor of marijuana. He returned to Hogue and the occupants of the van and asked defendant for permission to look in the trailer. Defendant said he didn't know the combination of the lock. Lundy then advised the defendant that he believed there was marijuana in the trailer and advised defendant that he would proceed to call the county attorney to obtain a search warrant. Lundy left the scene for that purpose at about 6:15 p.m., and as he was leaving two other state patrolmen arrived at the scene. The two additional officers made a further inspection of the back of the trailer and found marijuana seeds, stems, and a leaf on a ledge under the back doors of the trailer. The officers then ran a car key under the ledge of the door to obtain a sample of the loose material there. Meanwhile Lundy had called the county attorney's office and was informed that no search warrant was needed and he therefore returned to the scene. Hogue then arrested the defendant and his companion and read the Miranda warnings to them. They were frisked and the van was searched. Amphetamines were found in the defendant's shirt pocket and a gun was found in a box by the front seat of the van. The van and the trailer were towed into Lincoln and the trailer was broken into and searched. The search disclosed 119 pounds of marijuana and some codeine tablets.

The defendant contends that the detention of a citi-

zen is constitutionally justified only upon the existence of specific articulable facts justifying such detention, and that arrest is justified only upon probable cause. The argument is that the radio broadcast had no factual foundation and that the stop of defendant's vehicle was, therefore, illegal, and the evidence should be suppressed. At the evidentiary hearing on the motion to suppress there was no evidence as to any information or facts which were relied on as the factual foundation for the broadcast message. The foundation for the broadcast message, if any, could have been supplied by any officer or officers whose observations and information generated the suspicion. The radio message to Officer Hogue standing alone does not prove the existence of reasonably founded suspicion. An apparently valid directive from one officer to another to stop a person or a vehicle insulates the complying officer from assuming personal responsibility and liability for his act done in obedience to the direction. But the radio message standing alone does not furnish legal cause for the detention any more than the fact of detention supplies its own justification. If it did, the complete absence of any valid grounds for a stop could become valid grounds by the issuance of a radio directive to make the stop. A radio message alone would thus instantly transform an illegal arrest or detention into a legal one. If this case rested solely upon the foundation of the radio message to Officer Hogue with no evidence or proof that a factual foundation for the message existed, the legality of the detention here could not be supported. A reasonably founded suspicion to stop a vehicle cannot be based solely on the receipt by the stopping officer of a radio dispatch to stop the described vehicle without any proof of the factual foundation for the relayed message. Whiteley v. Warden, 401 U. S. 560, 91 S. Ct. 1031, 28 L. Ed. 2d 306 (1971); United States v. Robinson, 536 F.

2d 1298 (9th Cir., 1976); Barton v. State, 328 So. 2d 353 (Miss., 1976).

The general rule is that a detention stop violates the Fourth Amendment unless specific articulable facts taken together with rational inferences from those facts reasonably warranted a founded suspicion that a person is engaged in criminal activity. United States v. Brignoni-Ponce, 422 U. S. 873, 95 S. Ct. 2574, 45 L. Ed. 2d 607; United States v. Mallides, 473 F. 2d 859 (9th Cir., 1973); Brewer v. Wolff, Jr., 529 F. 2d 787 (8th Cir., 1976); Commonwealth v. Swanger, 453 Pa. 107, 307 A. 2d 875 (1973).

This court, however, has specifically rejected the rule requiring specific articulable facts to support an investigatory or detention stop. In State v. Holmberg, 194 Neb. 337, 231 N. W. 2d 672, based upon section 60-435, R. R. S. 1943, this court held that a law enforcement officer when in uniform may stop any motorist on the public highways of Nebraska for the purpose of checking his operator's license and vehicle registration without any articulable reason to suspect that the motorist has violated any law.

There was, therefore, authority for the stop of defendant's vehicle aside from the radio direction. While Officer Hogue was checking the licenses and registration, Officer Lundy examined the trailer and smelled marijuana. Officer Lundy was an investigator with the drug division of the state patrol with ample expertise in the field and the ability to identify marijuana by smell. The great majority of courts which have currently passed upon the issue have held that the smell of marijuana was alone sufficient to furnish probable cause to search a vehicle without a warrant, at least where there is sufficient foundation as to expertise. See, State v. Wood, 195 Neb. 353, 238 N. W. 2d 226; United States v. Soloman, 528 F. 2d 88 (9th Cir., 1975); People v. Cook, 13 Cal. 3d 663, 119 Cal. Rptr. 500, 532 P. 2d 148 (1975); Gordon v. State, 259 Ark. 134, 529 S. W. 2d 330

(1976); United States v. Garza, 539 F. 2d 381 (5th Cir., 1976); United States v. Bowman, 487 F. 2d 1229 (10th Cir., 1973); State v. Bidegain, 88 N. M. 384, 540 P. 2d 864 (1975).

Under current Nebraska law the detention stop here was valid, the officers had a right to be where they were, and when Officer Lundy smelled marijuana there was probable cause for the arrest and search. The judgment is affirmed.

AFFIRMED.

McCOWN, J., dissenting.

For the reasons set forth in my dissent in State v. Holmberg, 194 Neb. 337, 231 N. W. 2d 672, I am convinced that the Holmberg case should be overruled.