STATE OF NEBRASKA, APPELLEE, V. THOMAS DALY, APPELLANT.

274 N. W. 2d 557

Filed January 24, 1979. No. 42129.

Dennis L. Blewitt; Padley & Dudden, P.C. and David T. Schroeder, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before SPENCER, C. J., PRO TEM., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and BLUE, District Judge.

SPENCER, C. J., PRO TEM.

Defendant, Thomas Daly, prosecutes this appeal from his conviction for possession of marijuana. His sole assignment of error is the denial of his motion to suppress evidence seized from his motor vehicle. Essentially, the issue is whether the smell of

marijuana is sufficient to furnish probable cause for the warrantless search of a motor vehicle. We affirm.

At 8:55 p.m., on March 8, 1977, officer Byron R. Lane of the Nebraska State Patrol, while traveling west on Interstate Highway No. 80 approximately 1½ miles east of the Ogallala interchange, observed defendant's vehicle traveling eastbound on the interstate. Using a radar gun, the officer clocked the speed of defendant's vehicle at 60 miles per hour, or 5 miles over the maximum speed limit. Officer Lane made a U-turn, pursued the vehicle, and pulled it over to the side of the road.

Lane met defendant near the left rear of defendant's vehicle, a pickup with a fiberglass shell covering the rear portion. He asked to see the driver's license and registration certificate of the defendant, which he produced. Lane then walked to the front of the pickup, accompanied by defendant, to check whether it had a front license plate. Lane testified while walking alongside the pickup he detected a faint odor of raw marijuana which he believed was coming from the rear of the vehicle.

Lane directed defendant to take a seat in the patrol car. He issued a warning ticket for speeding and then asked defendant whether there was any marijuana in his vehicle. Defendant replied "No." Lane then requested permission to look inside the vehicle, which defendant refused. At that time Lane advised defendant he had smelled marijuana in the vehicle. They left the patrol car and walked to the rear of defendant's vehicle where Lane again advised defendant he could smell marijuana. He asked defendant to open the rear of the pickup. Defendant asked what the procedure was. At that time Lane placed defendant under arrest and gave him the Miranda warnings. Defendant then opened the rear of the pickup.

When the rear door of the pickup was opened,

Lane could smell a strong odor of marijuana. Inside he found several large boxes and a large plastic bag containing marijuana. The marijuana was in kilo form wrapped in cellophane and paper. The parties stipulated that 582 pounds of marijuana were removed from the vehicle.

Officer Lane has been a member of the Nebraska State Patrol since November 1974. During basic training and on-the-job training he had received instruction in drug recognition, including marijuana. He had also made approximately 50 prior arrests for possession of marijuana. All of these arrests followed stops for traffic violations and were made after the officer smelled marijuana.

As previously stated, the sole issue is whether the smell of marijuana standing alone is sufficient to furnish probable cause for the warrantless search of a motor vehicle. We have held that it is. See State v. Benson, 198 Neb. 14, 251 N. W. 2d 659 (1977), where we held: "Testimony that an officer smelled a strong odor of marijuana is sufficient to furnish probable cause to search a vehicle without a warrant, at least where there is sufficient foundation as to the expertise of the officer."

In State v. Benson, *supra,* we said: "The great majority of courts which have currently passed upon the issue have held that the smell of marijuana was alone sufficient to furnish probable cause to search a vehicle without a warrant, at least where there is sufficient foundation as to expertise. See, State v. Wood, 195 Neb. 353, 238 N. W. 2d 226; United States v. Soloman, 528 F. 2d 88 (9th Cir. 1975); People v. Cook, 13 Cal. 3rd 663, 119 Cal. Rptr. 500, 532 P. 2d 148 (1975); Gordon v. State, 259 Ark. 134, 529 S. W. 2d 330 (1976); United States v. Garza, 539 F. 2d 381 (5th Cir., 1976); United States v. Bowman, 487 F. 2d 1229 (10th Cir., 1973); State v. Bidegain, 88 N. M. 384, 540 P. 2d 864 (1975)."

In United States v. Rankin, 572 F. 2d 503 (1978),

the Fifth Circuit Court of Appeals said: "The trial court also was correct in denying defendant's motion to suppress the evidence obtained from the search of the automobile trunk. The initial stop was justified because this checkpoint is permanent, and the subsequent olfactory identification of the marijuana gave the agent probable cause to search the trunk. See, e.g., United States v. Vale, 5 Cir., 1977, 558 F. 2d 237." Certiorari was denied by the United States Supreme Court. See 47 Law Week 3361 (November 28, 1978).

To the list of cases cited above we add State v. Kretchmar, 201 Neb. 308, 267 N. W. 2d 740 (1978), wherein we stated: "Subsequent to the stop, by the use of his senses the trooper became aware of the presence of marijuana. A trained officer should have no difficulty in smelling 460 pounds of marijuana. At that time, under our law, the officer had probable cause to search the automobile for marijuana without the necessity of relying on consent."

In State v. Romonto, 190 Neb. 825, 212 N. W. 2d 641 (1973), we said: "An officer is entitled to rely on his senses in determining whether contraband is present in a vehicle. If contraband is seen or smelled, the officer is not required to close his eyes or nostrils, walk away, and leave the contraband where he sees or smells it. State v. Carpenter, 181 Neb. 639, 150 N. W. 2d 129. Probable cause may result from the use of any of the senses. State v. Connor, 189 Neb. 269, 202 N. W. 2d 172."

The stop in this case was a valid stop. The defendant was exceeding the speed limit. The officer had a right to be where he was, and when he detected the odor of marijuana there was probable cause for the arrest and search. The judgment is affirmed.

AFFIRMED.