STATE OF NEBRASKA, APPELLEE, V.
MICHAEL M. STEWART, APPELLANT.

310 N.W.2d 706

Filed October 9, 1981.  No. 43802.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, and Marilyn M. Hutchinson for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

PER CURIAM.

The defendant appeals from a sentence of 4 to 6 years' imprisonment for assault in the first degree.

The record shows that on February 23, 1980, the defendant and a female companion were waiting for the elevator in the Howard Johnson Motel in Omaha, Nebraska. Stewart Peters, the victim, and a group of his acquaintances were in the elevator when it reached the first floor where the defendant and his companion were waiting. The defendant testified that, when the

elevator door opened and Peters and his party began getting off, one of the men in the party made an obscene remark to the defendant's companion. No one in the victim's party could recall hearing the remark, and the man whom the defendant identified as the speaker, Tom Dolton, denied making an obscene remark but testified that he simply asked the defendant's companion if she needed some assistance with packages she was carrying.

Following whatever remark was made, the defendant, with rough language, told Mr. Dolton and the rest of the party to get off the elevator. There was testimony that some words were exchanged between Dolton and the defendant. The defendant and Royce Gustafson, a member of the Dolton-Peters party, testified that they heard Dolton threaten the defendant with a bottle, and that the defendant threatened to cut Dolton's heart out. At this point, the victim, Stewart Peters, became involved as he got off the elevator.

Peters testified that when he came off the elevator the defendant was standing in the hallway with his hands raised in a sort of martial arts stance, and Peters said, "'What are we having, a hung-kung-fuey show,' or something to that nature." The defendant then lunged at Peters and Peters struck the defendant with his right fist and may have pushed him back with his left hand. The defendant then stabbed Peters in the left forearm, inflicting a serious injury. Peters and the rest of his party then went to the lobby for assistance. Later the police arrested the defendant at the motel.

At the trial, the prosecuting attorney, over objection, was allowed to ask the defendant on cross-examination whether the defendant had had a fistfight with his girl friend earlier on the day of the assault. When the defendant denied this, the State on rebuttal was allowed, over objection, to present testimony that the defendant had struck a woman companion on two occasions on the same day as the assault. The principal

assignment of error relates to the admission in evidence of this testimony.

Neb. Rev. Stat. § 27-404(2) (Reissue 1979) provides: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

At the trial, the evidence that the defendant had struck his girl friend was offered to rebut the defendant's denial that he had been in a fistfight. On appeal, the State argues that the testimony was admissible to prove intent.

The evidence that the defendant had struck his girl friend earlier that day was not admissible for impeachment purposes. It related to a collateral issue and was not proper rebuttal evidence. In *Latham v. State*, 152 Neb. 113, 117, 40 N.W.2d 522, 525 (1949), we said: "When a witness is cross-examined on a matter collateral to the issue, he cannot as to his answer be subsequently contradicted by the party putting the question." See, also, *Griffith v. State*, 157 Neb. 448, 59 N.W.2d 701 (1953); *Swogger v. State*, 116 Neb. 563, 218 N.W. 416 (1928); *Vanderpool v. State*, 115 Neb. 94, 211 N.W. 605 (1926).

The evidence was not admissible as proof of intent because the act in question, the stabbing of Peters, was not equivocal in nature and criminal or honest according to the intent with which it was done. The evidence was not admissible to "disclose the mastering purpose of the alleged criminal act." See *State v. Ray*, 191 Neb. 702, 217 N.W.2d 176 (1974). The evidence of the earlier assault did not involve or explain the circumstances of the crime charged and was not an integral part of an overall occurrence or transaction.

The admission of the testimony concerning the earlier assault was erroneous and prejudicial and requires that the judgment be reversed.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.