STATE OF NEBRASKA, APPELLEE, v. BRUCE E. MASTERS, APPELLANT.

343 N.W.2d 744

Filed January 27, 1984. No. 83-229.

Bennett G. Hornstein, for appellant.

Paul L. Douglas, Attorney General, and Frank J. Hutfless, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

The appellant was tried and convicted of the offenses of knowingly or intentionally possessing marijuana, a controlled substance, weighing more than 1 pound, and possession of marijuana with intent to deliver. The trial court sentenced the appellant to consecutive terms of 18 months to 3 years on the first count and a term of 3 to 6 years on the second count.

Two errors are assigned: (1) The trial court erred in denying motions for mistrial after testimony of a police officer that appellant was involved in drugs and that a companion had other police contacts; and (2) The sentences were excessive.

A recitation of the facts surrounding the arrest will be necessary to an understanding of this appeal.

During the early morning hours of January 8, 1982, Trooper Richard D. McKain was on duty in Washington County, Nebraska. He was in his patrol car which was stopped at the intersection of Highway 73 and county road B-240. He observed a vehicle northbound on Highway 73 that appeared to have backup lights on and traveling in a forward direction. The trooper followed the vehicle and determined that the vehicle, being operated by appellant, Bruce E.

Masters, was exceeding the speed limit. The trooper turned on the patrol car's red lights and stopped the vehicle at a point approximately 2½ miles south of Fort Calhoun, Nebraska. As Trooper McKain approached the vehicle, he observed the driver and a passenger seated beside the driver. As Masters was rolling down the window of the pickup truck, Trooper McKain leaned down to talk with him and "was able to detect a slight odor of marijuana as . . . the air inside the vehicle came out."

Trooper McKain shined his flashlight around the inside of the truck "to detect where the smell came from." He observed a bottle lying on the floor and a paper bag "underneath the passenger's legs up against the seat on the passenger's side." Trooper McKain then asked Masters "if he had been drinking, what was in the bottle, and also what was in the sack." Masters answered that he had not had anything to drink, that the bottle contained fruit punch, and stated "that there was personal belongings in the sack."

Trooper McKain then examined Masters' driver's license and the vehicle registration, which disclosed that the vehicle belonged to Lawrence D. Barnes and/or Elbert C. Barnes of Fremont, Nebraska. Trooper McKain testified that he was familiar with the odor of unburned marijuana. Although he had probable cause both to search the vehicle and to arrest the occupants, *State v. Daly*, 202 Neb. 217, 274 N.W.2d 557 (1979), Trooper McKain, nevertheless, continued to question Masters concerning the contents of the paper sack and its ownership; he received the same answers as before from Masters, that "it was personal items."

Ultimately tiring of Masters' refusal to show the contents of the bag to him, Trooper McKain seized the bag and examined its contents, which were later determined to be marijuana. He then arrested Masters and Kent L. Newman, the passenger. A motion to suppress the seized marijuana was denied

by the trial court, and no complaint of that ruling is made in this court.

During the course of his testimony concerning the stop and subsequent arrest, Trooper McKain testified that he made certain radio calls. After testifying without objection that a call to the Omaha patrol dispatcher was made to ascertain whether there were any outstanding wants or warrants, he was asked, "And then after that? A . . . I was then contacted by Washington County Sheriff's office and then they advised me that they did not have any local warrants nor did Dodge County have any local warrants. They had also advised me that this party had some type of connection with drugs." Counsel for Masters immediately objected to the answer as not responsive, which objection was sustained, and moved for a mistrial, which motion was denied.

Later, Trooper McKain, again testifying to the question "What happened after that?" volunteered that Officer Magill of the Fort Calhoun Police Department "advised me that he had previous contact with Mr. Newman," the passenger. An objection to the answer was sustained, and a motion for mistrial was again overruled. In neither instance was the jury admonished to disregard the testimony.

Masters, Kent L. Newman, and Lawrence D. Barnes, the coowner of the truck, denied knowledge of the marijuana. Masters specifically denied telling Trooper McKain that the paper bag contained his personal effects.

"Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. . . ." Neb. Rev. Stat. § 27-404(2) (Reissue 1979).

As none of the listed exceptions to § 27-404(2) permit the reception of the conversations, they were properly excluded.

A more substantial question then presents itself. Was the testimony that Masters "had some type of connection with drugs" so prejudicial that its mere

recitation in court requires reversal of Masters' conviction? See, *State v. Scott*, 211 Neb. 237, 318 N.W.2d 94 (1982); *State v. Stewart*, 209 Neb. 719, 310 N.W.2d 706 (1981). We are of the opinion, in this factual context, that it was.

In *State v. Faircloth*, 181 Neb. 333, 148 N.W.2d 187 (1967), a case whose facts are remarkably similar to the facts of this case, we held that there was insufficient evidence to sustain a conviction of the crime of possession of marijuana of a driver of a vehicle, whose ownership was not shown to be that of the driver, where the marijuana was contained in a duffelbag between the feet of a passenger. We also held that absent some evidence of physical or constructive possession with knowledge of the presence of the drug, mere presence in a car where the drug is found was not sufficient to sustain a conviction.

The only proof of such constructive possession was Masters' responses to the questions of Trooper McKain that the paper bag contained his personal effects, a statement vigorously denied by Masters.

We do not deal with the appropriateness of Trooper McKain's questioning of Masters during a traffic stop, absent constitutional warnings, concerning the separate and distinct crime for which there was probable cause to search the vehicle, as that issue was not raised in this court nor in the trial court. See Annot., Right of Motorist Stopped by Police Officers for Traffic Offense to Be Informed at That Time of His Federal Constitutional Rights Under Miranda v Arizona, 25 A.L.R.3d 1076 (1969).

Absent the claim of ownership, insufficient evidence of Masters' possession of marijuana and possession with intent to deliver exists. The testimony of Masters' previous "connection with drugs" in this circumstance may have been the crucial factor in the jury's decision to believe the trooper's assertion and not the appellant's disclaimer. Obviously, where it cannot be said that absent the improper evidence

the appellant might not have been convicted, the error is not harmless.

REVERSED AND REMANDED.