STATE OF NEBRASKA, APPELLEE, V. DAVID COLEMAN,
APPELLANT.

247 N. W. 2d 627

Filed December 15, 1976. No. 40625.

David Coleman, pro se.

Paul L. Douglas, Attorney General, and Gary B. Schneider, for appellee.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and BRODKEY, JJ., and KUNS, Retired District Judge.

NEWTON, J.

This is an appeal from a post conviction proceeding. The motion to vacate the judgment was denied without a hearing. We affirm the judgment of the District Court.

The defendant advances as grounds for the vacation of the judgment against him five propositions. They are, namely: An illegal arrest, an illegal line-up, lack of effective assistance of counsel, failure to charge him as an habitual criminal, and an alleged resentencing by nunc pro tunc order.

Examination of the record adequately demonstrates that his complaints are groundless. Defendant was arrested at the home of his confederate when found hiding in a closet. The police had been informed that there were two wanted men in the house. They had a warrant for the confederate, arrested him, then searched for the second party. The defendant was found and arrested. The police had previously identified the confederate from fingerprints found at the scene of the crime and the defendant had been identified by a photograph. "The applicable standard for an arrest without warrant is that there must exist reasonable ground to believe both that a felony has been committed and that

the person arrested is guilty of such offense." State v. Atwater, 193 Neb. 669, 228 N. W. 2d 876. Both elements were present in this instance.

A Wade hearing was had on the alleged illegal line-up. The record fails to disclose any irregularities in connection with the line-up or the in-court identification of defendant.

The record also discloses that defendant was well represented by his counsel and his complaint in this respect is without merit.

Defendant states that the information failed to charge him as an habitual criminal although he was sentenced as such. This is incorrect. An amended information had been filed long before trial containing such charge.

The nunc pro tunc order complained of did not change defendant's sentence but simply corrected the time for his transference to the Nebraska Penal and Correctional Complex. There was no prejudice.

It appearing that the District Court could resolve all questions raised by reference to the record, a hearing on defendant's application was not required.

The judgment of the District Court is affirmed.

AFFIRMED.