STATE OF NEBRASKA, APPELLEE, v. DOYLE RUZICKA, APPELLANT.

274 N. W. 2d 873

Filed January 30, 1979. No. 42157.

John P. Murphy and Ruff & Murphy, for appellant.

Paul L. Douglas, Attorney General, and Paul W. Snyder, for appellee.

Heard before KRIVOSHA, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

On separate informations the defendant was convicted of possession of methamphetamine and LSD, and possession of less than 1 pound of marijuana. He was sentenced to 1 year imprisonment on the first charge and 7 days in jail on the second charge, the sentences to run concurrently. He has appealed and contends that the trial court erred in failing to

sustain his motion to suppress, that certain exhibits were received in evidence without sufficient foundation evidence, and that the sentences imposed were excessive.

The evidence shows that on December 3, 1977, the defendant's truck was stopped by a state patrolman because the truck had a broken taillight. The patrolman asked the defendant for his driver's license. While the defendant was looking in the truck for his license, the patrolman noticed the odor of burned marijuana coming from the driver's compartment. The patrolman asked for permission to search the truck which was refused by the defendant. The patrolman then searched the truck and found two plastic bags containing marijuana, a packet of methamphetamine, and a packet containing LSD. Several other items relating to drug use were discovered in the search. The defendant was arrested and taken to the patrol office at McCook, Nebraska. The defendant was questioned at the patrol office and admitted that the items seized belonged to him.

The defendant contends that the search of the truck was illegal because the odor of burned marijuana coming from the driver's compartment of the truck was not sufficient to establish probable cause to search the truck.

In a number of cases we have held that the odor of marijuana coming from a vehicle is sufficient to furnish probable cause for a search of the vehicle. In State v. Daly, *ante* p. 217, 274 N. W. 2d 557, we reviewed the cases on this subject and held that an odor of marijuana is sufficient to furnish probable cause to search a vehicle without a warrant if the expertise of the officer is shown. The evidence in this case showed that the officer was very familiar with the odor of marijuana and there is no claim that he lacked expertise.

We know of no reason why there should be a distinction between the odor of burned and unburned

marijuana in this type of situation. The evidence here established probable cause and the ruling on the motion to suppress was correct.

The defendant contends that evidence as to the chemical analysis of the materials seized was improperly admitted because the State failed to establish a chain of custody concerning the materials submitted for analysis. The evidence was that the materials were placed in a sealed envelope by a patrolman and sent by registered mail to the State Health Department Laboratory in Lincoln, Nebraska. The envelope was received by an employee of the laboratory and taken to the laboratory office where it was logged in by a secretary. A drug chemist employed by the laboratory then received the sealed envelope and made an analysis of the materials contained in the envelope. A report of the analysis was placed in the envelope and returned with the tested materials to the patrol office. The envelope, the receipt for the registered mail, and the report of the chemist were identified and received in evidence. This was sufficient foundation evidence to establish a chain of custody, and testimony as to the analysis of the materials was properly admitted.

The defendant, who is a resident of Kansas, is 24 years of age, married, and employed as a laborer on an oil rig. He also farms part of the year in Kansas. He has no criminal record other than traffic offenses and a conviction for felony possession of cannabis in Colorado in 1974. The defendant was on probation for the Colorado offense at the time of his arrest.

The presentence report indicates that the 1974 Colorado offense involved 18 bags of marijuana with some indication that the defendant and his codefendants intended to sell it. The Colorado probation order required the defendant to abstain from the use of narcotics.

The sentence which was imposed for the felony count was the minimum provided by statute. In view

of the defendant's previous offense and probation we are unable to say that the sentence imposed was excessive.

The judgment is affirmed.

AFFIRMED.