STATE OF NEBRASKA, APPELLEE, V.
WARREN R. WATTS, APPELLANT.

307 N.W.2d 816

Filed July 2, 1981.  No. 43789.

John P. Murphy of Ruff & Murphy for appellant.

Paul L. Douglas, Attorney General, and Mel Kammerlohr for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and COLWELL, Retired District Judge.

HASTINGS, J.

The defendant, Warren R. Watts, a resident of Colorado, has appealed from the District Court for Keith County where he was convicted of the offense of possession of marijuana with the intent to distribute, deliver, or dispense, in violation of Neb. Rev. Stat. § 28-416(1)(a) (Reissue 1979). The defendant was found guilty by the court sitting without a jury, and was sentenced to a term of probation for 2 years. The defendant assigns as error the failure to sustain his motion to suppress evidence seized pursuant to a warrantless search of defendant's car. We affirm.

On April 13, 1980, Watts was stopped by State Trooper Byron Lane of the Nebraska State Patrol for exceeding the speed limit. Trooper Lane approached the driver's side of the vehicle where the window was rolled down, and obtained Watts' driver's license and a rental agreement showing the car to be rented to the defendant. At that time Lane detected the smell of burnt marijuana. Trooper Lane then issued a warning

for speeding to Watts and asked him if there was or had been any marijuana in the vehicle, to which Watts replied, "No." The trooper then told Watts that he had smelled marijuana and asked him if he could look in the vehicle. Watts did not consent to the search. Trooper Lane looked over the back seat and saw a clear plastic bag containing a small amount of marijuana in plain view in a cooler with the lid partially off. At that time the defendant was placed under arrest for possession of marijuana and advised of his *Miranda* rights.

Trooper Lane then asked Watts if he had the trunk key, to which Watts replied that he had had it that morning but he could not locate it at that time. Lane then did a pat-down search of Watts, and found the key to the trunk in one of defendant's socks. Lane opened the trunk of the vehicle and observed three large trash bags, each containing twenty 1-pound bags of marijuana.

The defendant's sole assignment of error is the trial court's refusal to suppress the evidence found pursuant to the search of the automobile.

The U.S. Supreme Court has recognized a distinction between the warrantless search and seizure of automobiles or other movable vehicles and the search of a home or office. "Generally, less stringent warrant requirements have been applied to vehicles." *Cardwell v. Lewis*, 417 U.S. 583, 589-90, 94 S. Ct. 2464, 41 L. Ed. 2d 325 (1974). The treatment of automobiles has been based in part on their inherent mobility, which often makes obtaining a warrant impractical.

"The answer lies in the diminished expectation of privacy which surrounds the automobile: 'One has a lesser expectation of privacy in a motor vehicle because its function is transportation and it seldom serves as one's residence or as the repository of personal effects. . . . It travels public thoroughfares where both its occupants and its contents are in plain view.' *Cardwell v. Lewis*, 417 U.S. 583, 590

(1974) (plurality opinion)." *United States v. Chadwick*, 433 U.S. 1, 12, 97 S. Ct. 2476, 53 L. Ed. 2d 538 (1977).

We have constantly held that the smell of marijuana, standing alone, is sufficient to furnish probable cause for the warrantless search of a motor vehicle where, as here, there was sufficient foundation as to the expertise of the officer. *State v. Daly*, 202 Neb. 217, 274 N.W.2d 557 (1979), and the cases cited therein. We have further held that the odor of burned marijuana coming from the driver's compartment of a truck was sufficient probable cause to search the truck. *State v. Ruzicka*, 202 Neb. 257, 274 N.W.2d 873 (1979).

The defendant argues that the state trooper may have had probable cause to search the interior of the car, but after finding the bag of marijuana in the cooler, he could search no further without independent reason to believe that there was marijuana in the trunk. For support, the defendant refers this court to *Wimberly v. Superior Court*, 16 Cal. 3d 557, 547 P.2d 417, 128 Cal. Rptr. 641 (1976); *Commonwealth v. White*, 374 Mass. 132, 371 N.E.2d 777 (1977); *State v. Patino*, 163 N.J. Super. 116, 394 A.2d 365 (1978); and others. The holdings in those cases to the contrary notwithstanding, we believe it just as logical to conclude that the finding of the small amount of marijuana in the passenger compartment, after being told by the defendant that none existed, simply served to substantiate the officer's suspicions and furnish additional probable cause to make a complete search of the automobile. Having found a quantity of illicit drugs in one part of the automobile does not sensibly suggest the probability that no more such substance is present.

However, we need not reach this issue in the case at bar. Following the lawful seizure of marijuana from the cooler, the officer had probable cause to and did in fact arrest the defendant. Contrary to the position taken by the defendant, § 28-416(6)(a) simply authorizes the issuance of a citation rather than an arrest. It does not detract from the peace officer's

general authority to "arrest and detain any person found violating *any law* of this state." (Emphasis supplied.) Neb. Rev. Stat. § 29-401 (Reissue 1979). Also, Neb. Rev. Stat. § 29-404.02 (Reissue 1979) authorizes a peace officer to arrest a person without a warrant if the officer has "reasonable cause to believe that such person has committed . . . (2) a misdemeanor, and the officer has reasonable cause to believe that such person . . . (c) may destroy or conceal evidence of the commission of such misdemeanor; or (d) has committed a misdemeanor in the presence of the officer." The arrest was lawful.

"The constitutionality of a search incident to an arrest does not depend on whether there is any indication that the person arrested possesses weapons or evidence. The fact of a lawful arrest, standing alone, authorizes a search." *Michigan v. DeFillippo*, 443 U.S. 31, 35, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979). See, also, *Rawlings v. Kentucky*, 448 U.S. 98, 100 S. Ct. 2556, 65 L. Ed. 2d 633 (1980).

The search of the defendant revealed the key to his automobile trunk secreted in a sock. By this time, the officer had legitimate knowledge that the automobile contained marijuana; that the defendant had lied to the officer about that fact as well as his knowledge of the existence or location of the trunk key; and that the defendant had deliberately placed the trunk key in a place where he felt the officer would not be able to find it. At this point the officer certainly had probable cause to believe that more marijuana might be found in the trunk.

Under certain circumstances, a furtive movement can produce the legal justification to search an automobile. *State v. Zimmerman*, 23 N.C. App. 396, 209 S.E.2d 350 (1974). In that case, it was held that defendant's furtive attempt to conceal a house key in the front seat of his automobile was sufficient justification for search of the automobile where there was probable cause to believe that the existence

of such key would be evidence of the defendant's guilt. Here, similar surreptitious actions and evasive answers on the part of the defendant justified the questioned search. See, also, *State v. Booth*, 202 Neb. 692, 276 N.W.2d 673 (1979); Annot., 45 A.L.R.3d 581 (1972).

Finally, in *State v. Kretchmar*, 201 Neb. 308, 267 N.W.2d 740 (1978), reversed on other grounds at 203 Neb. 663, 280 N.W.2d 46 (1979), we approved a warrantless search of the trunk of defendant's automobile by an officer who smelled the odor of marijuana about the car and opened the trunk over the protestations and in spite of the physical opposition of the defendant.

The defendant's motion to suppress was correctly overruled, and the judgment of the District Court is affirmed.

AFFIRMED.

KRIVOSHA, C.J., McCOWN, and WHITE, JJ., concur in result.