STATE OF NEBRASKA, APPELLEE, V. STEVEN HACK AND
JOHN CALLANS, APPELLANTS.
322 N.W.2d 806

Filed August 6, 1982.   No. 81-771.

John P. Murphy, Lincoln County Public Defender, for appellants.

Paul L. Douglas, Attorney General, and Patrick T. O'Brien, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

BOSLAUGH, J.

After a trial to a jury, the defendants, Steven Hack and John Callans, were convicted of manufacturing marijuana and possession of marijuana weighing more than 1 pound.  They were sentenced to terms of 6 months each in the county jail.  They have appealed and contend the trial court erred in overruling their pretrial motion to suppress.

The record shows that Box Elder Canyon, located south of Maxwell, Nebraska, is well known as a place where marijuana may be harvested.

On September 26, 1980, after receiving information from a private citizen, Douglas W. Ochsner, a deputy sheriff of Lincoln County, Nebraska, went to the vicinity of Box Elder Canyon.  Ochsner arranged for

two other officers, Mitch Strasburg, the night supervisor sergeant of the sheriff's office, and Deputy McLeish, to meet him at a point near Box Elder Canyon.

At about 10:30 p.m. the officers proceeded to Box Elder Canyon where they found a white Ford van with Colorado license plates parked at the side of the road. Since there was no one in the van, the officers stationed themselves along the road so that they could observe the van. At about 11 p.m. Mark E. Larson, a state patrolman, joined the group of officers. While the officers had the van under observation, from time to time they could see a flashlight or lantern moving around in the general area of a marijuana field to the west of the road.

Between 1:30 and 2 a.m. three men, later identified as the defendants and Jesse Adkins, came out of the field to the west of the road and entered the van. After the men entered the van, the lights on the van were turned on for 5 or 10 seconds and then turned off. This happened twice. At about 2:50 a.m. the officers decided to approach the van. The men were ordered out of the van and handcuffed. They were "pat-searched" and each one was found to have a knife. The officers walked into the field west of the road approximately 100 yards and discovered five bags of freshly cut marijuana weighing approximately 100 pounds.

The defendants and Adkins were then taken to the sheriff's office at North Platte, Nebraska. The van was towed to North Platte where an inventory search was made.

The defendants' principal contention is that the arrest without a warrant was illegal because there was no probable cause for the arrest. Probable cause for an arrest exists if the officer has reasonable cause to believe that the person arrested has committed a felony. Probable cause does not require that the officer see the commission of a felony.

" 'Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction,'. . . ." *State v. Brewer,* 190 Neb. 667, 674-75, 212 N.W.2d 90, 94 (1973).

If the facts available to the officer at the time of the arrest would warrant a man of reasonable caution in the belief the action was appropriate, then probable cause exists. *State v. Dillwood,* 183 Neb. 360, 160 N.W.2d 195 (1968).

In *State v. Nowicki,* 209 Neb. 640, 645-46, 309 N.W.2d 89, 93 (1981), we said: "This court has held that a police officer is authorized to arrest a person without a warrant if he has reasonable cause to believe that such person has committed a crime. . . . ' "[T]he test of probable cause for a warrantless arrest is whether at the moment the facts and circumstances within their (the officers') knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." ' In this regard, we have also held that probable cause is to be evaluated by the collective information of the police engaged in a common investigation." In *State v. Dussault,* 193 Neb. 122, 126, 225 N.W.2d 558, 561 (1975), we said: " 'In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act. . . .' " *State v. Atwater,* 193 Neb. 669, 671, 228 N.W.2d 876, 878 (1975), notes: " ' " * * * there is no formula for the determination of reasonableness. Each case is to be decided on its own facts and circumstances." ' The ultimate test is whether the action of the officers was reasonable."

The evidence in this case is that a van with foreign license plates was found parked at night on a county

road near a marijuana field where harvesting was known to take place. Surveillance was established and a flashlight or lantern was seen from time to time moving about in the general area of the marijuana field. After a surveillance of more than 3 hours, three men were seen returning to the van from the general direction of the marijuana field. The reasonable inference to be drawn from these facts was that the three men had been in the marijuana field harvesting marijuana. Shortly after they were apprehended, five bags of harvested marijuana were found a short distance from the road.

After the van was taken to North Platte, an inventory search was made and an Argus camera with film, empty plastic bags and twine, an Eveready lantern and battery, and a Ray-O-Vac light were seized. The defendants complain that the officers had no right to seize these items because they had no connection to the crime.

The plastic bags and twine were of the type used to contain the harvested marijuana found near the scene of the arrest. A flashlight or lantern had been observed in the general area of the marijuana field while the van was under surveillance. The film in the camera, when developed, included photographs of two of the men in a marijuana field.

The defendants concede that an inventory search was authorized. See *Michigan v. Thomas,* ___ U.S. ___, 102 S. Ct. 3079, 73 L. Ed. 2d 750 (1982). The search of the van was authorized also as incident to the arrest. See, *State v. Watts,* 209 Neb. 371, 307 N.W.2d 816 (1981); *State v. Franklin,* 194 Neb. 630, 234 N.W.2d 610 (1975); *State v. Booth,* 202 Neb. 692, 276 N.W.2d 673 (1979). The items seized during the search were connected to the crime and the seizure was not unreasonable.

The ruling on the motion to suppress was correct. The judgment of the District Court is affirmed.

AFFIRMED.

Krivosha, C.J., concurring in the result.

I concur in the result reached by the majority in this court. I write separately, however, to express my belief that the development of the film in the camera was not proper and was not a part of the authorized search of the van. I believe, however, that the evidence obtained by reason of developing the film, in light of all the other evidence in this case, was without prejudice and therefore does not justify granting to the appellants a new trial. See *Chapman v. California*, 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

Caporale, J., joins in this concurrence.