STATE OF NEBRASKA, APPELLANT, V.
JONATHAN E. REHA, APPELLEE.
686 N.W.2d 80

Filed August 24, 2004. No. A-04-401.

Linda Caster Senff, Deputy Hamilton County Attorney, for appellant.

Susan M. Koenig, of Mayer, Burns, Ahlschwede & Koenig, for appellee.

CASSEL, Judge.

## INTRODUCTION

The district court granted the motion of Jonathan E. Reha to suppress evidence seized during a search of his person, and the

State appeals. Lt. Chris Kolb of the Nebraska State Patrol, the officer who performed the search, had observed that the odor of burnt marijuana emanated from the vehicle in which Reha was a passenger and that both Reha and the driver held cigarette lighters; therefore, probable cause existed to arrest Reha. Because I conclude that the search was valid as an incident to arrest, I reverse, and remand for further proceedings.

## BACKGROUND

On January 7, 2004, the State charged Reha by information with one count of possession of methamphetamine. Reha subsequently filed a motion to suppress all evidence seized during the search of his person, alleging that the officer lacked probable cause for the search, that the search exceeded the "perimeters" of a protective pat-down search, and that the search violated Reha's right to be free from unreasonable searches and seizures as guaranteed by the Nebraska and U.S. Constitutions.

Following a hearing on the motion, the trial court made specific findings of fact as follows:

Kolb . . . testified on behalf of the State. Kolb stated that on December 2, 2003, at approximately 6:58 p.m., he was eastbound on U.S. Highway 34 in Hamilton County when he clocked an oncoming vehicle exceeding the speed limit. . . . Kolb testified that he obtained a radar clock of the vehicle and thereafter turned around to pursue it. The State established proper foundation for the traffic stop. After stopping the vehicle . . . Kolb contacted the driver first. Upon the driver rolling down his window, Kolb immediately detected the odor of burnt marijuana coming from inside the vehicle. He also testified that both the driver and the front seat passenger [Reha] had cigarette lighters. Kolb testified that the driver . . . had watery eyes and appeared to have impeded speech. Kolb asked the driver to exit the vehicle and accompany him to his patrol car. The driver complied with this request.

Kolb asked if the driver had marijuana which he denied having. Kolb explained to the driver that he had smelled marijuana and was going to search the vehicle. The driver then pulled a baggie containing suspected marijuana from

his coat pocket. Kolb then searched the driver and found an additional quantity of marijuana in his shoe. Kolb again placed the driver in the patrol car and waited for backup so that he could search the vehicle itself.

Moments later, back-up officers arrived, and Kolb re-approached the vehicle and requested [Reha] to exit the passenger side. He did so, and Kolb then searched him, finding a quantity of methamphetamine in his sock. Kolb testified that he conducted the search of [Reha's] person because he thought he had probable cause to search the vehicle and all occupants due to the smell of marijuana in the vehicle. A subsequent search of the vehicle also resulted in the finding of a marijuana pipe in the right front passenger seat. Kolb testified that at the time of the search of [Reha], [Reha] was not under arrest, and that he was searching for drugs. It does not appear that this was a pat-down performed for officer safety.

The trial court entered an order sustaining Reha's motion to suppress and excluded the evidence seized from his person. The State appeals pursuant to Neb. Rev. Stat. § 29-824 (Cum. Supp. 2002), which provides for review by a single judge of this court.

## ASSIGNMENTS OF ERROR

The State alleges that the trial court erred in (1) holding that there was no probable cause for the search of Reha's person and (2) suppressing the evidence found as a result of searching Reha's person.

## STANDARD OF REVIEW

In reviewing a district court's ruling on a motion to suppress evidence obtained through a warrantless search or seizure, an appellate court conducts a de novo review of reasonable suspicion and probable cause determinations, and reviews factual findings for clear error, giving due weight to the inferences drawn from those facts by the trial judge. *State v. Keup*, 265 Neb. 96, 655 N.W.2d 25 (2003).

## ANALYSIS

On appeal, both parties accept the trial court's factual findings. Upon my review of the record, I cannot conclude that such

findings are clearly wrong. I next proceed to a de novo review of the probable cause determinations.

"Probable cause to search is determined by a standard of objective reasonableness, that is, whether known facts and circumstances are sufficient to warrant a person of reasonable prudence in a belief that contraband or evidence of a crime will be found." *State v. Shock*, 11 Neb. App. 451, 458, 653 N.W.2d 16, 24 (2002). Because of the odor of burnt marijuana emanating from the vehicle in this case, it is clear that Kolb had probable cause to search the vehicle. See *State v. Watts*, 209 Neb. 371, 307 N.W.2d 816 (1981) (odor of burnt marijuana alone is sufficient probable cause for warrantless search of motor vehicle). However, the issue before this court is whether Kolb had probable cause to search Reha's person. "[A] search without a warrant before an arrest, also without a warrant, is valid as an incident to the subsequent arrest if (1) the search is reasonably contemporaneous with the arrest and (2) probable cause for the arrest exists before the search." *State v. Twohig*, 238 Neb. 92, 107, 469 N.W.2d 344, 354 (1991). Therefore, if Kolb had probable cause to arrest Reha before he initiated the search of Reha's person, he had probable cause to search Reha.

In *Maryland v. Pringle*, 540 U.S. 366, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003), the defendant had been sitting in the front passenger's seat of a car driven by its owner and there was another passenger in the back seat. Subsequently to a routine traffic stop, the driver opened the glove compartment in front of the defendant to retrieve the vehicle's registration. The police officer saw a sum of rolled-up money in the glove compartment and asked the driver whether he could search the vehicle. The driver consented, and the occupants were removed from the vehicle. Pursuant to the search, the officer retrieved five glassine baggies of cocaine from behind a rear armrest, in addition to the rolled-up money. The officer questioned the three occupants about the ownership of the cocaine and told them that if no one admitted to ownership, he would arrest them all. None of the occupants offered information about the ownership of the cocaine or money, and they were arrested. At the police station, the defendant acknowledged that the cocaine was his.

During a pretrial suppression hearing, the *Pringle* defendant argued that his confession should be suppressed as the unlawful fruit of an illegal arrest because the police had lacked probable cause for his arrest at the time of the traffic stop. The case was ultimately appealed to the U.S. Supreme Court, which addressed whether the officer had had probable cause to believe that the defendant committed the crime of possession of illegal drugs:

> We think it an entirely reasonable inference from these facts that any or all three of the occupants had knowledge of, and exercised dominion and control over, the cocaine. Thus a reasonable officer could conclude that there was probable cause to believe [the defendant] committed the crime of possession of cocaine, either solely or jointly.

540 U.S. at 372.

In this case, Kolb detected the odor of burnt marijuana immediately upon making contact with the occupants of the vehicle. He observed that both the driver and Reha, the front seat passenger, held cigarette lighters. Like the officer in *Pringle*, Kolb could reasonably infer from the situation that any one or all of the occupants of the vehicle, the driver and Reha in particular, had recently committed the crime of possessing a controlled substance. Therefore, on a de novo review, I conclude that Kolb had probable cause to arrest Reha, thereby supplying probable cause for the search of Reha's person.

Reha relies on *United States v. Di Re*, 332 U.S. 581, 68 S. Ct. 222, 92 L. Ed. 210 (1948). In that case, an informant purchased counterfeit gasoline ration coupons from the driver of a vehicle in which the defendant was the front seat passenger. The police approached the vehicle and saw the informant, sitting in the back seat, holding two counterfeit gasoline ration coupons. The informant told the police that the driver had sold him the coupons. The police arrested all three occupants and searched them. They found counterfeit gasoline ration coupons on the defendant's person. The U.S. Supreme Court held that the defendant's mere presence in a vehicle in which criminal activity occurred, without more, did not constitute a forfeiture of his right to be free from a search of his person:

> Assuming, however, without deciding, that there was reasonable cause for searching the car, did it confer an

incidental right to search [the defendant]? It is admitted by the Government that there is no authority to that effect, either in the statute or in precedent decision of this Court, but we are asked to extend the assumed right of car search to include the person of occupants because "common sense demands that such right exist in a case such as this where the contraband sought is a small article which could easily be concealed on the person."

. . . .

. . . We are not convinced that a person, by mere presence in a suspected car, loses immunities from search of his person to which he would otherwise be entitled.

332 U.S. at 586-87.

The present case is distinguishable. In *Di Re*, there was nothing other than the defendant's presence in the vehicle that would indicate that he was involved in the illegal transaction. The informant singled out the driver, not the defendant, as the seller of the coupons. The Supreme Court in *Maryland v. Pringle*, 540 U.S. 366, 124 S. Ct. 795, 157 L. Ed. 2d 769 (2003), distinguished *Di Re* on that basis. In the present case, Kolb found Reha in a vehicle where marijuana had recently been burned, holding a lighter in his hand. Although possessing a lighter, in itself, is not an illegal activity, taken in conjunction with the odor of burnt marijuana, it justified Kolb's reasonable belief that Reha had engaged in illegal activity. As in *Pringle* and unlike *Di Re*, no facts in the instant case eliminated Reha from the scope of suspicion. It is true that Kolb searched Reha after having found marijuana on the driver's person and after observing physical symptoms indicating that the driver had recently smoked marijuana. However, possession of marijuana by the driver did not reduce the probability that Reha also possessed marijuana, especially given the odor of burnt marijuana emitting from the vehicle and the lighter held by Reha. See *State v. Watts*, 209 Neb. at 374, 307 N.W.2d at 819 (noting in dicta, "[h]aving found a quantity of illicit drugs in one part of the automobile does not sensibly suggest the probability that no more such substance is present").

In granting Reha's motion to suppress, the district court found the reasoning in *State v. Wallace*, 372 Md. 137, 812 A.2d 291 (2002), to be persuasive. In *Wallace*, the Maryland Court of

Appeals found that a canine scan alerting officers to contraband in a vehicle's interior compartment, without more, generally does not provide probable cause to search passengers in the vehicle. It stated that in such a situation, probable cause rested upon some link between a passenger and a crime. *Wallace,* as a Maryland case, is not controlling on this court. More importantly, however, as the district court in the present case acknowledged, the *Wallace* court significantly relied on *Pringle v. State,* 370 Md. 525, 805 A.2d 1016 (2002), which was later overturned by the U.S. Supreme Court in *Maryland v. Pringle, supra.* Further, the *Wallace* court noted that "there was no evidence of any odor of drugs emanating from the vehicle that would have been detectable to a passerby or even to a passenger, nor is there any evidence that any of the occupants prior to the search exhibited any suspicious behavior to the officers." *State v. Wallace,* 372 Md. at 159, 812 A.2d at 304. In the instant case, Kolb detected such an odor emanating from the vehicle at the outset and observed Reha in possession of a lighter.

Based on the U.S. Supreme Court's *Pringle* decision and upon a de novo review, I conclude that probable cause to arrest Reha existed and that the contemporaneous search was incidental to the subsequent valid arrest.

## CONCLUSION

For the reasons set forth above, the district court's order granting Reha's motion to suppress is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.