Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
03/22/2019 01:08 PM CDT

State of Nebraska, appellee, v.
Kathy A. Seckinger, appellant.
___ N.W.2d ___

Filed December 28, 2018.    No. S-17-1099.

1.  **Constitutional Law: Search and Seizure: Motions to Suppress: Appeal and Error.** In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error, giving due weight to the inferences drawn from those facts by the trial judge. But whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination.

2.  **Constitutional Law: Search and Seizure.** Both the Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution guarantee against unreasonable searches and seizures.

3.  ____: ____. Under the Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution, the ultimate touchstone is one of reasonableness.

4.  **Constitutional Law: Search and Seizure: Warrantless Searches.** Pursuant to the Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution, searches and seizures must not be unreasonable, and searches without a valid warrant are per se unreasonable, subject only to a few specifically established and well-delineated exceptions.

5.  **Search and Seizure: Warrantless Searches: Motor Vehicles.** Among the established exceptions to the warrant requirement is the automobile exception.

6.  **Search and Seizure: Warrantless Searches: Probable Cause: Motor Vehicles.** The automobile exception to the warrant requirement applies when a vehicle is readily mobile and there is probable cause to believe that contraband or evidence of a crime will be found in the vehicle.

7. **Motor Vehicles: Words and Phrases.** A vehicle is readily mobile whenever it is not located on private property and is capable or apparently capable of being driven on the roads or highways.

8. **Search and Seizure: Probable Cause: Words and Phrases.** Probable cause to search requires that the known facts and circumstances are sufficient to warrant a person of reasonable prudence in the belief that contraband or evidence of a crime will be found.

9. **Search and Seizure: Probable Cause: Appeal and Error.** An appellate court determines whether probable cause existed under an objective standard of reasonableness, given the known facts and circumstances, but appellate courts should avoid an excessively technical dissection of the factors supporting probable cause.

10. **Probable Cause: Words and Phrases.** Probable cause is a flexible, commonsense standard that depends on the totality of the circumstances.

11. ____: ____. The concept of probable cause, as the name implies, is based on probabilities. It requires only a probability or substantial chance of criminal activity, not an actual showing of such activity.

12. **Probable Cause: Police Officers and Sheriffs.** To find probable cause, officers are not required to rule out all innocent explanations for suspicious facts.

13. **Probable Cause: Police Officers and Sheriffs: Motor Vehicles.** Probable cause may result from any of the senses, and an officer is entitled to rely on his or her sense of smell in determining whether contraband is present in a vehicle.

14. **Search and Seizure: Probable Cause: Police Officers and Sheriffs: Motor Vehicles: Controlled Substances.** Objectively, the smell of burnt marijuana tells a reasonable officer that one or more persons in a vehicle recently possessed and used the drug. The officer need not know whether the amount possessed is more than 1 ounce in order to have probable cause to suspect criminal activity in the vehicle.

15. **Search and Seizure: Warrantless Searches: Probable Cause: Police Officers and Sheriffs: Motor Vehicles.** When an officer with sufficient training and experience detects the odor of marijuana emanating from a vehicle that is readily mobile, the odor alone furnishes probable cause to suspect contraband will be found in the vehicle and the vehicle may be lawfully searched under the automobile exception to the warrant requirement.

Appeal from the District Court for Scotts Bluff County: LEO P. DOBROVOLNY, Judge. Affirmed.

Darin J. Knepper, Deputy Scotts Bluff County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

STACY, J.

NATURE OF CASE

Kathy A. Seckinger appeals her felony conviction for possession of methamphetamine. She assigns error to the denial of a motion to suppress evidence seized during a warrantless search of her car and argues that the smell of marijuana coming from inside the car did not provide sufficient probable cause to support the search. We affirm the judgment of the district court.

BACKGROUND

On January 9, 2017, a Nebraska State Patrol trooper was on patrol in Gering, Nebraska, when a green car accelerated into an intersection directly in front of her. The trooper and another motorist had to brake hard to avoid an accident, and the trooper initiated a traffic stop. The stop and the events immediately preceding it were recorded on the trooper's dashboard camera.

When the trooper approached the driver's side to make contact, she noticed the odor of burnt marijuana coming from inside the car. The driver was identified as Seckinger. The trooper confronted Seckinger about the smell and asked if there was marijuana in the car. Seckinger said no, but volunteered that she had recently smoked a cigarette. The trooper repeated that she smelled marijuana and asked Seckinger if she had been around anyone smoking marijuana; Seckinger said she had not. Finally, the trooper asked if there might have been marijuana in the car previously. Seckinger again

responded no and added that she would not consent to a search.

The trooper had Seckinger step out of the car and conducted a search. No marijuana was found in the car, but the trooper discovered more than 4 grams of methamphetamine. Seckinger was placed under arrest and charged with the Class IV felony of knowingly or intentionally possessing methamphetamine. She entered a plea of not guilty and moved to suppress the evidence found during the search, arguing there was no probable cause for either the traffic stop or the search of her car.

At the hearing on the motion to suppress, the trooper and Seckinger were the only witnesses to testify. They both testified about the odor of marijuana, but their testimony differed considerably. On direct examination by her attorney, Seckinger denied there was any odor of marijuana coming from her car when it was stopped: "[Counsel:] Does the interior of your car smell like marijuana? [Seckinger:] No. Q. Did it ever smell like marijuana? A. No. Q. Why not? A. There has not been no marijuana in my vehicle at all. Q. Do you use marijuana? A. No."

In contrast, the trooper testified she noticed the distinctive odor of marijuana emanating from the car as soon as she contacted the driver. The trooper testified she received academy training on detecting the odor of marijuana and also testified about her experience detecting the smell of burnt and raw marijuana during prior traffic stops. The trooper explained that Seckinger's car was stopped because it pulled across four lanes of traffic and nearly caused an accident, and based on the trooper's experience, drivers who "do that kind of thing" are sometimes impaired by alcohol or drugs. Consequently, when the trooper smelled marijuana coming from inside the car, she decided there was probable cause to search it.

After considering the evidence, the district court overruled Seckinger's motion to suppress. The court found that both the

traffic stop and the subsequent search of the car were supported by probable cause. In finding probable cause to search the car, the court relied on our opinion in *State v. Watts*[1] for the proposition that the smell of marijuana, standing alone, has long been held to furnish probable cause for a warrantless search of a motor vehicle where there is sufficient foundation as to the expertise of the officer in recognizing the smell. The court found the trooper had expertise in detecting the odor of marijuana and found credible her testimony that she smelled marijuana coming from inside Seckinger's car during the traffic stop.

After the motion to suppress was overruled, a bench trial was held on stipulated facts. Seckinger did not renew her objection to the legality of the traffic stop, but did renew her objection to the search of her car. That objection was overruled, and Seckinger was found guilty of possession of methamphetamine. She was sentenced to 2 years' probation and ordered to pay court costs. Seckinger filed a timely appeal, and we moved the case to our docket on our own motion.[2]

## ASSIGNMENT OF ERROR

Seckinger assigns error to the overruling of her motion to suppress, arguing the odor of marijuana standing alone no longer provides probable cause to search a vehicle.

## STANDARD OF REVIEW

[1] In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment, an appellate court applies a two-part standard of review.[3] Regarding historical facts, an appellate court reviews the trial court's findings for clear error, giving due weight to the

---

[1] *State v. Watts*, 209 Neb. 371, 307 N.W.2d 816 (1981).

[2] See Neb. Rev. Stat. § 24-1106(3) (Supp. 2017).

[3] *State v. Thalken*, 299 Neb. 857, 911 N.W.2d 562 (2018).

inferences drawn from those facts by the trial judge.[4] But whether those facts trigger or violate Fourth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination.[5]

## ANALYSIS

On appeal, Seckinger does not challenge the legality of the stop, the duration of the investigation, or the scope of the subsequent search. Nor does she challenge the trial court's factual finding that, during the investigation, the trooper detected the odor of marijuana emanating from inside Seckinger's car. The sole issue on appeal is whether the odor of marijuana, standing alone, furnished probable cause to support the warrantless search of Seckinger's car. We limit our analysis accordingly, and begin with a review of the governing constitutional principles.

[2-5] Both the Fourth Amendment to the U.S. Constitution and article I, § 7, of the Nebraska Constitution guarantee against unreasonable searches and seizures.[6] The ultimate touchstone is one of reasonableness.[7] Searches and seizures must not be unreasonable, and searches without a valid warrant are per se unreasonable, subject only to a few specifically established and well-delineated exceptions.[8] Among the established exceptions to the warrant requirement is the "'automobile exception.'"[9]

[6,7] The automobile exception to the warrant requirement applies when a vehicle is readily mobile and there is

---

[4] See, *id.*; *State v. Rocha*, 295 Neb. 716, 890 N.W.2d 178 (2017).

[5] *Thalken, supra* note 3.

[6] See, *State v. Barbeau, ante* p. 293, 917 N.W.2d 913 (2018); *State v. Dalland*, 287 Neb. 231, 842 N.W.2d 92 (2014).

[7] See *Rocha, supra* note 4.

[8] *Id.*

[9] *Id.* at 746, 890 N.W.2d at 202. Accord *California v. Carney*, 471 U.S. 386, 105 S. Ct. 2066, 85 L. Ed. 2d 406 (1985).

probable cause to believe that contraband or evidence of
a crime will be found in the vehicle.[10] A vehicle is readily
mobile whenever it is not located on private property and "is
capable or apparently capable of being driven on the roads
or highways."[11]

[8-12] Probable cause to search requires that the known
facts and circumstances are sufficient to warrant a person of
reasonable prudence in the belief that contraband or evidence
of a crime will be found.[12] An appellate court determines
whether probable cause existed under an objective standard
of reasonableness, given the known facts and circumstances,
but appellate courts should avoid an excessively technical dis-
section of the factors supporting probable cause.[13] Probable
cause is a flexible, commonsense standard that depends on the
totality of the circumstances.[14] The concept of probable cause,
as the name implies, is based on probabilities.[15] It "'requires
only a probability or substantial chance of criminal activity, not
an actual showing of such activity.'"[16] Thus, to find probable
cause, officers are not required to rule out all innocent explana-
tions for suspicious facts.[17]

For decades, this court has consistently held that officers
with sufficient training and experience who detect the odor
of marijuana emanating from a vehicle have probable cause
on that basis alone to search the vehicle under the automobile

---

[10] See *Rocha, supra* note 4.

[11] *Id.* at 755, 890 N.W.2d at 207.

[12] *J.P. v. Millard Public Schools*, 285 Neb. 890, 830 N.W.2d 453 (2013).

[13] *State v. Botts*, 299 Neb. 806, 910 N.W.2d 779 (2018).

[14] See *id.*

[15] See *Illinois v. Gates*, 462 U.S. 213, 231, 103 S. Ct. 2317, 76 L. Ed. 2d 527
(1983) ("'[i]n dealing with probable cause . . . as the very name implies,
we deal with probabilities'").

[16] *District of Columbia v. Wesby*, ___ U.S. ___, 138 S. Ct. 577, 586, 199 L.
Ed. 2d 453 (2018).

[17] See *Botts, supra* note 13 (citing *Wesby, supra* note 16).

exception to the warrant requirement.[18] We first articulated this rule in the 1977 case *State v. Benson*.[19]

In *Benson*, a van pulling a trailer was stopped after troopers noticed an irregularity on the van's license plate. During the investigation, one trooper detected the strong smell of marijuana coming from the trailer. The trooper asked the van's driver to open the trailer, but the driver claimed not to know the lock combination. The trooper called the county attorney's office to obtain a search warrant and was told no warrant was needed. The trooper then searched the trailer and discovered 119 pounds of marijuana. We upheld the constitutionality of the warrantless search, reasoning that "[t]he great majority of courts which have currently passed upon the issue have held that the smell of marijuana was alone sufficient to furnish probable cause to search a vehicle without a warrant, at least where there is sufficient foundation as to expertise."[20]

[13] A few years later in *State v. Daly*,[21] we reiterated the rule that the odor of marijuana coming from a vehicle is sufficient standing alone to furnish probable cause to search the vehicle. In *Daly*, a pickup was stopped by a trooper for speeding. While walking around the pickup, the trooper smelled the odor of marijuana coming from the bed of the pickup, which was covered by a fiberglass shell. The trooper confronted the driver about the marijuana smell, but the driver denied there was marijuana in the pickup and declined consent to search. A warrantless search revealed 582 pounds of marijuana in

---

[18] See, e.g., *Watts, supra* note 1; *State v. Ruzicka*, 202 Neb. 257, 274 N.W.2d 873 (1979); *State v. Daly*, 202 Neb. 217, 274 N.W.2d 557 (1979); *State v. Kretchmar*, 201 Neb. 308, 267 N.W.2d 740 (1978), *overruled on other grounds* 203 Neb. 663, 280 N.W.2d 46 (1979); *State v. Benson*, 198 Neb. 14, 251 N.W.2d 659 (1977). Accord *State v. Reha*, 12 Neb. App. 767, 686 N.W.2d 80 (2004).

[19] *Benson, supra* note 18.

[20] *Id.* at 18, 251 N.W.2d at 661-62.

[21] *Daly, supra* note 18.

the rear of the pickup. In affirming the trial court's finding of probable cause to search the pickup, we noted the trooper had received basic training on detecting the smell of marijuana and had arrested more than 50 drivers for possession of marijuana after smelling it during a traffic stop. We quoted our holding in *Benson* and emphasized that probable cause may result from any of the senses and that an officer is entitled to rely on his or her sense of smell in determining whether contraband is present in a vehicle.[22]

We adhered to this reasoning in *State v. Ruzicka*.[23] There, a truck was stopped by a trooper for a broken taillight. While standing at the drivers' window, the trooper noticed the smell of burnt marijuana coming from the driver's compartment. The trooper asked permission to search, and the driver refused. A warrantless search of the truck revealed marijuana, methamphetamine, and LSD. On appeal, the driver argued the smell of burnt marijuana coming from the driver's compartment was not sufficient to provide probable cause to search the entire truck. We upheld the constitutionality of the search, observing that "[i]n a number of cases we have held that the odor of marijuana coming from a vehicle is sufficient to furnish probable cause for a search of the vehicle."[24] We expressly rejected the suggestion that smelling burnt marijuana in the driver's compartment should have limited the scope of the search, explaining, "We know of no reason why there should be a distinction between the odor of burned and unburned marijuana in this type of situation."[25]

In *State v. Watts*,[26] a driver was stopped by a trooper for speeding. While standing outside the open driver's window, the trooper detected the smell of burnt marijuana. The trooper

---

[22] *Id.*

[23] *Ruzicka, supra* note 18.

[24] *Id.* at 258, 274 N.W.2d at 875.

[25] *Id.* at 258-59, 274 N.W.2d at 875.

[26] *Watts, supra* note 1.

asked whether there was marijuana in the vehicle, and the driver answered there was not. The trooper asked permission to search the vehicle, and the driver declined. The trooper then looked into the back seat of the vehicle and observed in plain view a plastic bag of marijuana. The driver was arrested, and the rest of the vehicle was searched. In the trunk, the trooper discovered three large trash bags containing a total of 60 pounds of marijuana. On appeal, we upheld the constitutionality of the warrantless search. We began our analysis by discussing the U.S. Supreme Court cases recognizing the automobile exception to the warrant requirement. We then discussed our prior holdings on the smell of marijuana emanating from automobiles, stating:

> We have constantly held that the smell of marijuana, standing alone, is sufficient to furnish probable cause for the warrantless search of a motor vehicle where, as here, there was sufficient foundation as to the expertise of the officer. . . . We have further held the odor of burned marijuana coming from the driver's compartment of a truck was sufficient probable cause to search the truck.[27]

The driver in *Watts* conceded that under our prior cases, the trooper had probable cause to search the vehicle, but he argued that once the trooper discovered the small bag of marijuana in plain view in the back seat, he could search no further without additional facts to suggest marijuana might be found in the trunk. We soundly rejected this argument, reasoning:

> [I]t [is] just as logical to conclude that the finding of the small amount of marijuana in the passenger compartment, after being told by the defendant that none existed, simply served to substantiate the officer's suspicions and furnish additional probable cause to make a complete search of the automobile. Having found a quantity of illicit drugs in one part of the automobile does not

---

[27] *Id.* at 374, 307 N.W.2d at 819.

sensibly suggest the probability that no more such sub-
stance is present.[28]

In the instant appeal, Seckinger asks us to revisit this line of
cases. Her primary contention is that the legalization of mari-
juana in Colorado has eroded the legal premise of our prec-
edent because, she contends, the odor of marijuana standing
alone no longer suggests criminal activity. Thus, the question
presented here is a narrow one: Does the odor of marijuana
coming from a vehicle, standing alone, still provide probable
cause to search the vehicle? We conclude it does.

Before explaining our reasoning, we pause to observe that
much of Seckinger's brief is devoted to suggesting there could
have been several noncriminal explanations for the odor of
marijuana in her car. But none of the suggested explanations
are supported by the record. Indeed, when the trooper con-
fronted her about smelling marijuana, Seckinger offered no
explanation at all—legal or otherwise—and simply denied the
odor was present. But regardless of the explanation given to the
trooper, we are unpersuaded by Seckinger's legal argument on
appeal. We find no merit to her suggestion that recent changes
in Colorado's marijuana laws compel a change in Nebraska's
settled jurisprudence.

First, we state the obvious: Marijuana remains a con-
trolled substance under both federal law[29] and Nebraska law.[30]
Because of marijuana's legal status as contraband, a trained
officer who detects the odor of marijuana emanating from a
vehicle in Nebraska has firsthand information that provides
an objectively reasonable basis to suspect contraband will be
found in the vehicle. Assuming the vehicle is readily mobile,
the odor of marijuana alone provides probable cause to search

---

[28] *Id.*

[29] See, 21 U.S.C. § 812(c) (2012); *Gonzales v. Raich*, 545 U.S. 1, 27, 125
S. Ct. 2195, 162 L. Ed. 2d 1 (2005) (recognizing federal law "designates
marijuana as contraband for *any* purpose").

[30] See Neb. Rev. Stat. §§ 28-405(c)(7) and 28-416(11) through (13) (Supp.
2017).

the vehicle under the automobile exception to the warrant requirement.[31] And while there may be innocent explanations for the odor of marijuana inside a vehicle, the concept of probable cause is based on probabilities[32] and does not require officers to rule out all innocent explanations for suspicious facts.[33]

Moreover, similar to Nebraska courts, most state and federal courts agree that the odor of marijuana alone furnishes probable cause for a warrantless search of the vehicle from which the odor emanates.[34] Even among states that have passed laws allowing medical or recreational marijuana use, many courts continue to recognize that marijuana is contraband and that the odor of marijuana can provide probable cause to search a vehicle.[35]

---

[31] See *Watts, supra* note 1.

[32] See *Gates, supra* note 15.

[33] See *Botts, supra* note 13.

[34] See, Annot., 114 A.L.R. 5th 173, §§ 5, 7, and 9 (2003) (and cases cited therein); Annot., 188 A.L.R. Fed. 487, § 7 (2003) (and cases cited therein). Accord 2 Wayne R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 3.6(b) (5th ed. 2012) (recognizing it is generally accepted that smell of marijuana, whether raw or burnt, is sufficiently distinctive to afford probable cause to search particular place from which odor emanates).

[35] See, e.g., *Robinson, Williams & Spriggs v. State*, 451 Md. 94, 152 A.3d 661 (2017) (despite decriminalization of less than 10 grams of marijuana, marijuana remains contraband and odor of marijuana emanating from vehicle provides probable cause to search vehicle); *State v. Cheatham*, 240 Ariz. 1, 375 P.3d 66 (2016) (although Arizona Medical Marijuana Act created limited exception to laws proscribing marijuana, odor of marijuana alone supports probable cause to search car unless totality of circumstances suggest marijuana possession complies with act); *People v. Zuniga*, 372 P.3d 1052 (Colo. 2016) (despite California's legalization of 1 ounce or less of marijuana, odor of marijuana still relevant to totality of circumstances test and can contribute to probable cause determination); *United States v. White*, 732 Fed. Appx. 597 (9th Cir. 2018) (despite Nevada's legalization of medical marijuana, smell of marijuana emanating from vehicle still provides probable cause for warrantless search because nonmedical marijuana remains contraband).

[14] Finally, Seckinger's argument is similar to one we recently rejected in *State v. Perry*.[36] In *Perry*, we were concerned with whether there was probable cause to arrest the occupants of the vehicle and not whether there was probable cause to search the vehicle. But similar to Seckinger's argument, the defendant's argument in *Perry* was that our line of cases analyzing probable cause based on the odor of marijuana was no longer good precedent. In *Perry*, the defendant argued the cases analyzing the odor of marijuana had been decided at a time when the possession of any amount of marijuana was a crime; because possession of less than an ounce of marijuana is now an infraction under Nebraska law,[37] the defendant in *Perry* suggested the smell of marijuana alone no longer furnished probable cause to suspect criminal activity in the vehicle. We rejected this argument and concluded the change in penalty was immaterial to our probable cause jurisprudence, reasoning:

> Objectively, the smell of burnt marijuana tells a reasonable officer that one or more persons in the vehicle recently possessed and used the drug. The officer need not know whether the amount possessed is more than 1 ounce in order to have probable cause to suspect criminal activity in the vehicle.[38]

[15] Similarly, we reject Seckinger's suggestion that a change in other states' criminal laws regarding marijuana are material to the probable cause holdings announced in *Benson*, *Daly*, *Ruzicka*, and *Watts*. We instead adhere to these holdings and reiterate the general rule that when an officer with sufficient training and experience detects the odor of marijuana emanating from a vehicle that is readily mobile, the odor alone furnishes probable cause to suspect contraband will be found in the vehicle and the vehicle may be lawfully searched under the automobile exception to the warrant requirement.

---

[36] *State v. Perry*, 292 Neb. 708, 874 N.W.2d 36 (2016).

[37] See § 28-416(13).

[38] *Perry, supra* note 36, 292 Neb. at 722, 874 N.W.2d at 46.

Here, the trooper testified credibly that she smelled marijuana emanating from inside Seckinger's car during a traffic stop. The trooper had training and experience in detecting the odor of marijuana, and Seckinger's car was readily mobile when it was searched. On this record, we agree with the district court that the odor of marijuana coming from inside the car furnished probable cause to suspect contraband would be found in the car, and we conclude the warrantless search of the car was lawful under the automobile exception to the warrant requirement. Seckinger's motion to suppress was properly overruled.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

Affirmed.